In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 16-4218

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MURTAZA ALI,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 CR 254 — **Samuel Der-Yeghiayan**, *Judge.*

_____

ARGUED JULY 6, 2017 — DECIDED JULY 21, 2017

_____

Before POSNER, KANNE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* A federal statute entitled "International Parental Kidnapping," 18 U.S.C. § 1204, makes it a crime to remove or attempt to remove a child from the United States, or retain a child outside the United States who has been in the United States, if the intention is to obstruct the lawful exercise of parental rights.

A naturalized U.S. citizen born in Pakistan named Murtaza Ali, who is the defendant in this case, took his three small children out of the U.S. without his wife's knowledge, intending to take them to Pakistan. His wife had been granted custody of the children by a court order; the same order prohibited Ali from taking the children out of Illinois. Intercepted en route, in Turkey, he was taken back to the U.S., where he was arrested, pleaded guilty to violating the parental-kidnapping statute, and was sentenced to 18 months in prison. His appeal challenges the judge's basing the sentencing guidelines calculation in part on Ali's having substantially interfered with the administration of justice, which section 2J1.2(b)(2) of the federal sentencing guidelines punishes with a 3-level increase in the applicable guidelines range. Had that increase not been imposed, the defendant's guidelines range would have been 8 to 14 months rather than 15 to 21 months.

The provision of the guidelines that we just cited stipulates in Application Note 1 that substantially interfering with justice includes causing an "unnecessary expenditure of substantial governmental or court resources." But "unnecessary expenditure" is nowhere defined. Any expenditure that is incurred solely because of the defendant's having substantially interfered with the administration of justice is "unnecessary" from the standpoint of lawful need, yet if the unnecessary expenditure were trivial, it would hardly justify a significant increase in length of sentence—and the upward shift in the defendant's guidelines range, though modest, cannot be regarded as insignificant.

The government did not compute, or if it did compute did not introduce the result of the computation in court, the

costs it incurred as a result of the defendant's absconding with the children. All we know is that his flight to Pakistan made a stop at Istanbul, where he was intercepted by Turkish authorities, held at the Istanbul airport accompanied by U.S. agents, and flown back to the United States on a civilian airline, the flight being paid for by our government at a cost of approximately $4,600, which was not reimbursed by Ali.

Several federal agencies, including the State Department, were involved in the successful effort to get Ali and the children back to the U.S., and numerous federal agents are said without contradiction to have worked for several days around the clock to complete his seizure and his and the children's return. The government should have been able to provide a precise estimate of the costs it incurred in this case, but we cannot say that the costs are trivial, bearing in mind that the increase in the guidelines range imposed on the defendant by virtue of those costs was modest. We therefore affirm the defendant's sentence.